IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH KEKOA MANIBUSAN, | No. C 05-04868 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| DONALD SPECTER, STEVEN FAMA and PRISON LAW OFFICE, | |
| Defendants. | |

**INTRODUCTION**

In this attorney-malpractice action filed by a condemned inmate, defendants have filed Rule 12(b)(6) motions to dismiss plaintiff's claims. This order treats defendants' motion to dismiss as a motion to remand. For the following reasons, this motion is **DENIED**.

**ANALYSIS**

**1.   REMOVAL JURISDICTION.**

Plaintiff originally filed his complaint in the Superior Court of California for the County of Marin against defendants who serve as class counsel for prisoners at San Quentin. Defendants subsequently removed the action to this Court, asserting federal jurisdiction under 28 U.S.C. 1441(b). Removal is permissible where a claim brought in state court seeks to attack or undermine an order of a federal district court. *See Wilson v. City of San Jose*, 1995 WL 241452, at *5 (N.D. Cal. Apr. 14, 1995) (citing *Baccus v. Parrish*, 45 F.3d 958, 960 (5th Cir. 1995)). In his complaint, plaintiff challenges the legality of the existing consent decree and

1 seek relief from its classification provisions (Compl. 5–7). Plaintiff's claims constitute a valid
2 collateral attack on the substance of the *Thompson* consent decree. This Court therefore has
3 proper removal jurisdiction over this action.

        **2.     SUBSTANCE OF PLAINTIFFS' CLAIMS.**

The gravamen of plaintiff's complaint is that defendants have not provided effective assistance of counsel and have failed to protect the constitutional and state-created rights of the prisoner class in *Thompson*, specifically Grade B inmates. Furthermore, plaintiff alleges that the *Thompson* consent decree's classification provisions violate Title 15 of the California Code of Regulations and are constitutionally defective.

In their motion to dismiss, defendants argue that plaintiff's claims are barred by the doctrine of collateral estoppel (Br. 5–8). To support their contention, defendants rely on *Golden v. Pac. Mar. Ass'n*, 786 F.2d 1425 (9th Cir. 1986). In *Golden*, a named class representative in a federal class action that had resulted in a consent decree filed a malpractice action against class counsel in state court. *Id.* at 1426. The plaintiff alleged that the defendant had misrepresented to him that the prior class action was not, in fact, a class action and that defendant had falsely declared to the court that the plaintiff had approved of the class action. *Ibid.* The district court enjoined the state malpractice action pursuant to the Anti-Injunction Act, 28 U.S.C. 2283. *Ibid.* The Ninth Circuit affirmed, holding that the plaintiff had a full and fair opportunity to litigate the same issues in the *Golden* class action in fairness hearings. *Id.* at 1427. The court also found an inference of harassment. *Ibid.*

Defendants' reliance on *Golden* is misplaced considering *Golden* is factually distinguishable from this case. The plaintiff in *Golden* was a named class representative in the class action at issue. Here, plaintiff is an unnamed class member. Furthermore, the plaintiff in *Golden* previously objected to the attorney's competency during fairness hearings, which led the court to make specific findings regarding the class counsel's competency. Plaintiff in this case has not had the same opportunity to object to the *Thompson* consent decree.

Defendants also argue that plaintiff may seek relief from the consent decree only through intervention, objection or a collateral equitable action limited to the question of

adequacy of representation (Br. 8–9). Plaintiff has since moved to intervene in the *Thompson* action. Plaintiff's request to intervene was denied, however, because this Court determined that Intervenor Freddy Fuiava would adequately represent plaintiff's interests.

Finally, defendants contend that they do not owe plaintiff a duty to prevent conduct by prison officials (Br. 9–10). Defendants argue that class counsel do not have a duty to ensure that the consent decree produces optimal results for each individual class member (Br. 9–10). This may or may not be correct. This order does not resolve the issue.

## CONCLUSION

For the reasons stated, defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 24, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3